# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RICHARD ANTHONY NEVAREZ-BARELA,

    Movant,

vs.                                             No. CV 19-00633 KG/KBM
                                                 No. CR 17-00862 KG

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

**THIS MATTER** is before the Court on the *pro se* Movant Richard Anthony Nevarez-Barela's Motion Under Rule 60 of the Federal Rules of Civil Procedure. (CV Doc. 1; CR Doc. 114) ("Motion"). The Court has also reviewed the docket in Nevarez-Barela's criminal case no. CR 17-00862 KG.

As a threshold matter, the Court must determine whether Nevarez-Barela's Motion is a "true" Rule 60(b) motion or, instead, a 28 U.S.C.§ 2255 motion to vacate, set aside, or correct a sentence. *See Gonzalez v. Crosby*, 545 U.S. 524 (2005); *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). Under *Gonzalez*, a 60(b) motion is a § 2255 petition if it in substance or effect asserts a federal basis for relief from the petitioner's underlying conviction or sentence. *See* 545 U.S. at 532, 538. Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the court which precluded a merits determination in a prior § 2255 motion or (2) challenges a defect in the integrity of the § 2255 proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior petition. *Id*. at 538.

Fed. R. Civ. P. 60(b) may not be used to challenge the merits of the movant's underlying criminal conviction or sentence. *Id* at 532, 538; *Spitznas*, 464 F.3d at 1215.

In his Motion, Nevarez-Barela asks the Court to vacate the guilty plea he entered on March 30, 2017 and to dismiss all charges, complaints, indictments, or information in his criminal case. (CV Doc. 1 at 1; CR Doc. 114 at 1). As grounds for relief, he claims that his court-appointed counsel, the Attorneys General, and the Judges in his criminal case conspired and participated in a scheme to defraud the Court. (CV Doc. 1 at 1-3; CR Doc. 114 at 1-3). Nevarez-Barela's claims challenge his underlying conviction and sentence, rather than a procedural defect in a prior § 2255 proceeding.

Nevarez-Barela may only challenge his conviction and sentence by a motion under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a) and (e); *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255"). Therefore, the Court intends to recharacterize Nevarez-Barela's' Motion Under Rule 60 of the Federal Rules of Civil Procedure as a first 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence.[1] Pursuant to *Castro v. United States,* 540 U.S. 375 (2003), when

> a court recharacterizes a pro se litigant's motion as a first § 2255 motion . . .the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restriction on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

---

[1] Nevarez-Barela filed a prior § 2255 motion, but voluntarily withdrew the motion. (CR Doc. 105, 108, 109). Therefore, the Court does not construe his current Motion as a second or successive § 2255 motion.

*Id.* at 383. Consistent with *Castro,* the Court notifies Nevarez-Barela that it intends to recharacterize his Motion as a § 2255 motion and afford him an opportunity to withdraw the motion or to amend it to add additional claims he may have. *See* Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts (providing that a motion to vacate, set aside, or correct sentence must: "(1) specify all grounds for relief available to the moving party; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant."). If Nevarez-Barela fails to timely amend or withdraw his Motion, then Nevarez-Barela's Motion will be recharacterized and any subsequent § 2255 motions will be subject to the restriction on "second or successive" motions in 28 U.S.C. §§ 2244 and 2255(h).

**IT IS ORDERED** that Movant Richard Anthony Nevarez-Barela is **GRANTED** leave to amend or withdraw his Motion Under Rule 60 of the Federal Rules of Civil Procedure (CV Doc. 1; CR Doc. 114), which the Court intends to recharacterize as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, within twenty-one (21) days of the entry of this Order.

**IT IS FURTHER ORDERED** that the Clerk of the Court **MAIL** a copy of this Order, together with a form § 2255 motion and instructions, to Movant Nevarez-Barela.

_____
UNITED STATES MAGISTRATE JUDGE