IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD ANTHONY NEVAREZ-BARELA,

    Movant,

vs.                                                        No. CV 19-00633 KG/KBM
                                                             No. CR 17-00862 KG

UNITED STATES OF AMERICA,

    Respondent.

## ORDER ON *EX PARTE* COMMUNICATIONS
## AND PRO SE PRISONER CASE MANAGEMENT ORDER

THIS MATTER is before the Court *sua sponte*. On September 27, 2019, Movant Richard Anthony Nevarez-Barela, filed a Motion for Stay of Judgment and Sentence and a Temporary Restraining Order (CV Doc. 10) and an Affidavit in support of the Motion (CV Doc. 11). On the same date, Movant Nevarez-Barela also sent *ex* parte e-mail correspondence to the assigned Magistrate Judge, arguing the merits of his claim and motion and seeking a ruling from the Magistrate Judge. (CV Doc. 12, CR Doc. 120).

Movant Nevarez-Barela's e-mail correspondence is improper and fails to comply with the federal and local rules of procedure. As an initial matter, Movant's letter constitutes an improper *ex parte* communication. *See e.g.*, NMRA, Rule 21-209 (prohibiting a judge from permitting or considering *ex parte* communications made to the judge outside the presence of the parties or their lawyers concerning a pending or impending matter). *See, also,* Pro Se Litigant Guide ("ex parte communication occurs when one of the parties to a lawsuit exchanges information with the assigned judge (1) without the opposing party being present, or (2) without the knowledge and consent of the opposing party."). Pro Se Litigant Guide at 11-12. Additionally, the e-mail

1

correspondence does not comply with Fed. R. Civ. P. 7 (any request to the Court for relief must be in the form of a motion filed of record), D.N.M. LR-Civ. Rule 10 (requiring that papers be filed as part of the record), and the Pro Se Litigant Guide (prohibiting *ex parte* communications by a pro se party with the Judge or the Judge's staff).

Movant Richard Anthony Nevarez-Barela is admonished to refrain from any future *ex parte* communications. Failure to do so may result in sanctions, including the imposition of filing restrictions. *See Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) ("Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances.").

Because Movant is a prisoner proceeding pro se, the Court is obligated to conduct a preliminary screening of the § 2255 Motion. *See* Rule 4 of the Rules Governing Section 2255 Proceedings. Whenever a prisoner brings a proceeding seeking collateral review of a federal conviction or sentence, the Court is obligated to screen the Movant's motion. Rule 4 states:

> "If it plainly appears from the motion, any attached exhibits,
> and the record of prior proceedings that the moving party
> is not entitled to relief, the judge must dismiss the petition
> and direct the clerk to notify the moving party."

Any request to the Court for relief must be in the form of a motion. Fed. R. Civ. P. 7(b). The filing of excessive motions may cause substantial delay in completion of the Court's preliminary screening and resolution of the case. Movant should avoid filing unnecessary motions. Requests for service of process, discovery, expansion of the record, and submissions of proof are premature and unavailable prior to the Court's completion of its screening obligation. *See Jones v. Bock*, 549 U.S. 199, 213-214 (2007). If Movant's § 2255 Motion is not dismissed on initial screening, the Court will enter further orders governing service of process, discovery, expansion of the record, appointment of counsel, and scheduling.

2

Movant should not send any letters, including e-mail correspondence, to the Court other than transmittal letters or requests for information or copies. All mail relating to this case must be directed to the Clerk of the Court. Movant is not to send any mail directly to the assigned District Judge or the assigned Magistrate Judge. Movant must comply with the Rules Governing Section 2255 Proceedings, to the extent applicable, the Federal Rules of Civil Procedure, the Local Rules of this Court, and any Order of the Court. Failure to comply with the Rules or Court Orders may result in dismissal of this case or other sanctions. Fed. R. Civ. P. 41(b); *see, also, Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994).

**IT IS ORDERED:**

(1) Movant Richard Anthony Nevarez-Barela is **PROHIBITED** from sending any further improper *ex parte* communications, including e-mail communications, to the assigned Judges; and

(2) this Case Management Order shall govern proceedings in this case until further order of the Court.

_____
UNITED STATES MAGISTRATE JUDGE