IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD ANTHONY NEVAREZ-BARELA,

    Movant,

vs.                                                        No. CV 19-00633 KG/KBM
                                                        (No. CR 17-00862 KG)

UNITED STATES OF AMERICA,

    Respondent.

MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR A STAY IN JUDGMENT AND SENTENCE AND A
TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION
<u>PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 65</u>

THIS MATTER is before the Court under Fed. R. Civ. P. 65 on the Motion for a Stay in Judgment and Sentence and a Temporary Restraining Order and a Preliminary Injunction Pursuant to Federal Rules of Civil Procedure, Rule 65 filed by Movant Richard Anthony Nevarez-Barela (CV Doc. 10). The Court denies the Motion.

Movant, Richard Anthony Nevarez-Barela, entered into a Plea Agreement and was convicted of one count of Conspiracy to Transport Illegal Aliens in Violation of 8 U.S.C. § 1324(a)(1)(A)(v)(1). (CR Doc. 33 at 1). He was sentenced to six months imprisonment and 3 years of supervised release. (CR Doc. 33). His appeal to the Tenth Circuit was dismissed based on the appeal waiver contained in his Plea Agreement. (CR Doc. 57). His supervised release was revoked on two occasions, resulting in additional sentences of 3 months of imprisonment and 2 years of supervised release and 7 months of imprisonment and 2 years of supervised release. (CR Doc. 56, 71). His appeal from the second revocation of supervised release was also dismissed by the Tenth Circuit. (CR Doc. 112).

Movant Nevarez-Barela filed a first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which he subsequently withdrew. (CR Doc. 105, 108, 109). Nevarez-Barela then filed his current § 2255 motion and an amended motion to vacate, set aside, or correct sentence. (CV Doc. 1, 8; CR Doc. 114, 119). Movant Nevarez-Barela asks the Court:

> "to enjoining judgment on the plea of guilty entered on March 30, 2017 as void by reason of fraud on the court, discharge Movant immediately due to a void sentence, and dismiss all charges, complaints, indictments, or information, with prejudice."

(CV Doc. 8 at 1; CR Doc. 119 at 1).

Movant Nevarez-Barela has filed a Motion seeking temporary restraining order and preliminary injunctive relief. (CV Doc. 10). In his Motion, Nevarez-Barela asks this Court to:

> "grant Movant's motion for a stay in the egregious actions the United States Probation Office and the agents thereof that are administering through the court ordered conditions of supervised release, grant temporary restraining order to enjoin the same, and issue a preliminary injunction pursuant to Fed. R. Civ. P. Rule 65 until the merits of Movant's claim can be adjudicated."

(CV Doc. 10 at 2). The Motion is not signed under penalty of perjury and is not accompanied by any sworn factual statement.

Movant seeks a temporary restraining order under Fed. R. Civ. P. 65(b)(1). (CV Doc. 10).[1] Rule 65(b) provides:

> "A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that

---

[1] Rule 12 of the Rules Governing Section 2255 Proceedings provides that the Federal Rules of Civil Procedure are applicable "to the extent that they are not inconsistent with any statutory provisions or these rules." Because Movant has not made any showing of entitlement to relief, the Court does not reach the question of whether injunctive relief under Rule 65 in this case is inconsistent with or available under the rules and statutes governing Section 2255 proceedings.

notice should not be required."

The Tenth Circuit has adopted four elements for the Court to consider in deciding whether to grant a TRO under Rule 65(b). Those four elements are: (1) a showing that the movant will suffer immediate and irreparable injury unless the injunction issues; (2) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; (3) a substantial likelihood that the movant will eventually prevail on the merits: and (4) a showing that the injunction, if issued, would not be adverse to the public interest. *Lundgrin v. Claytor,* 619 F.2d 61, 63 (10th Cir. 1980).

Movant also seeks preliminary injunctive relief. (CV Doc. 10). In order to receive a preliminary injunction, the Movant must establish four factors: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless injunctive relief is issued; (3) that any claimed injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, is not adverse to the public interest. *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002), *abrogated on other grounds by Audubon Soc. of Greater Denver v. U.S. Army Corp of Engineers*, 908 F.3d 593, 604 (10th Cir. 2018). A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *See De Beers Consol. Mines v. United States,* 325 U.S. 212, 220 (1945). Therefore, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir.1994).

Because a preliminary injunction is an extraordinary remedy, the moving party's right to relief must be clear and unequivocal. *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016); *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft,*

389 F.3d 973, 975 (10th Cir. 2004).  A Movant is not entitled to relief based solely on claimed likelihood of success on the merits but must, instead, make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms.  *Id.* at 976; *Edmisten v. Werholtz*, 287 F. App'x 728, 731 (10th Cir. 2008).

Movant is proceeding pro se in this matter and the Court must liberally construe his filings.  *Gillihan v. Shillinger,* 872 F.2d 935, 938 (10th Cir. 1989).  However, the Court may not assume the role of advocate for the pro se party and need not accept unsupported conclusory allegations.  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  Like a preliminary injunction, a TRO is an extraordinary remedy and, therefore, a movant's right to relief must be clear and unequivocal.  *Kansas Health Care Ass'n, Inc. v. Kansas Dep't of Social & Rehabilitation Servs.,* 31 F.3d 1536, 1543 (10th Cir. 1994); *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d at 1282.

For issuance of a TRO, Rule 65 requires a factual showing of both immediate and irreparable injury, loss, or damage made by way of an affidavit or verified complaint.  Fed. R. Civ. P. 65(b)(1)(A).  Movant's current request for a TRO is not sworn or supported by an affidavit or verified complaint as required by Rule 65(b)(1)(A).  Although Movant's Motion contains conclusory allegations of irreparable harm, it contains no real factual support for those allegations. *See* Doc. 3 at 3-4.  Further, the Motion does not allege any danger of immediate injury.  Instead, the motion speculates that Movant "can become the victim of assault, rape, extortion, or any other acts that occur in prison everyday."  (Doc. 3 at 3).

Absent a clear and unequivocal factual showing that Movant will suffer immediate and irreparable injury, Movant's Motion is insufficient to support issuance of either a TRO or a preliminary injunction by the Court.  *Lundgrin,* 619 F.2d at 63; *Kansas Health Care Ass'n,* 31

F.3d at 1543; *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d at 1281. Although Movant makes conclusory allegations, Movant's Motion does not set out any factual circumstances that would justify the issuance of an extraordinary injunction in this case. *O Centro Espirita Beneficiente Uniao Do Vegetal,* 389 F.3d at 975. Nor does the Motion include the factual affidavit or sworn statement under penalty of perjury necessary for Movant to meet the heightened burden of clearly and unequivocally establishing grounds for injunctive relief. *Dine Citizens Against Ruining Our Env't*, 839 F.3d at 1281.

Because Movant has not made even a threshold factual showing of immediate and irreparable harm, the Court will not reach the remaining Rule 65 elements and will deny Movant's Motion. Movant Nevarez-Barela has failed to make the showing necessary for either a temporary restraining order or preliminary injunctive relief under Fed. R. Civ. P. 65. The Court will deny the Motion filed by Movant Nevarez-Barela.

IT IS ORDERED that the Motion for a Stay in Judgment and Sentence and a Temporary Restraining Order and a Preliminary Injunction Pursuant to Federal Rules of Civil Procedure, Rule 65 filed by Movant Richard Anthony Nevarez-Barela (CV Doc. 10) is DENIED.

UNITED STATES DISTRICT JUDGE