IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD ANTHONY NEVAREZ-BARELA,

        Movant,

vs.                                                              No. CV 19-00633 KG/KBM
                                                                             (No. CR 17-00862 KG)

UNITED STATES OF AMERICA,

        Respondent.

MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR RECUSAL PURSUANT TO 28 U.S.C. § 455

THIS MATTER is before the Court on the Motion for Recusal Pursuant to 28 U.S.C. § 455 filed by Movant, Richard Anthony Nevarez-Barela (Doc. 9). Movant fails to present any basis that would reasonably call into question the undersigned Judge's impartiality, and, accordingly, the Court will deny the Motion.

STANDARDS FOR RECUSAL UNDER 28 U.S.C. § 455

Movant Richard Anthony Nevarez-Barela seeks recusal of the assigned District Judge under the provisions of 28 U.S.C. § 455(a). Section 455(a) states:

> "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned."

The standard for recusal under § 455(a) is one of objective reasonableness. *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 858 n. 7 (1988); *United States v. Cooley,* 1 F.3d 985, 992 (10th Cir.1993). Under § 455(a), both a judge's interest in or relationship to a case and his or her bias or prejudice against persons involved in a case "*all* [must] be evaluated on an *objective* basis, so that what matters is not the reality of bias or prejudice but its appearance. Quite simply and quite universally, recusal [is] required whenever 'impartiality might reasonably be

1

questioned.'" *Liteky v. United States,* 510 U.S. 540, 548 (1994) (emphasis in original) (quoting 28 U.S.C. § 455(a)). Section 455(a) was enacted in 1974 "to promote public confidence in the integrity of the judicial process by replacing the subjective ... standard with an objective test." *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. at 858 n. 7, *quoted in Nichols v. Alley,* 71 F.3d 347, 350 (10th Cir. 1995); *United States v. Cooley,* 1 F.3d at 992.

Under § 455, a judge should recuse if a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. *American Ready Mix v. Behles,* 14 F.3d 1497, 1501 (10th Cir. 1994) (citations omitted) (quoting *Hinman v. Rogers,* 831 F.2d 937, 938–39 (10th Cir. 1987)(per curiam)); *accord Switzer v. Berry,* 198 F.3d 1255, 1257 (10th Cir. 2000); *United States v. Greenspan,* 26 F.3d 1001, 1005 (10th Cir. 1994). Section 455(a) is subject to an "extrajudicial source factor," which means that, at its base, alleged bias or prejudice must stem from an extrajudicial source outside the judicial proceeding at hand and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. *Liteky,* 510 U.S. at 545 & n. 1, 555 (quoting *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966)).

Under the extrajudicial source factor, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky,* 510 U.S. at 555. Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the case, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Judicial remarks during the course of the proceedings, even if they are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. Such remarks may do so only if they reveal an opinion that derives from an extrajudicial source.

2

*Id.* at 555-56. Further, expressions of impatience, dissatisfaction, annoyance, and even anger, do not establish bias or partiality and are within the bounds of what federal judges may sometimes display. A judge's ordinary statements or actions in the administration of courtroom proceedings are immune and do not establish impropriety or impartiality. *Id.*

The reasonableness test is "limited to outward manifestations and reasonable inferences drawn therefrom. In applying the test, the initial inquiry is whether a reasonable factual basis exists for calling the judge's impartiality into question." *Cooley,* 1 F.3d at 993, *cited in Nichols,* 71 F.3d at 351. Thus, "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are not grounds for disqualification under § 455(a). *Id.* (citing numerous cases). Furthermore, attempts to intimidate a judge do not ordinarily satisfy the requirements of § 455(a). *Id.; accord Greenspan,* 26 F.3d at 1006. Finally, § 455(a) "'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *Cooley,* 1 F.3d at 993 (quoting *Franks v. Nimmo,* 796 F.2d 1230, 1235 (10th Cir.1986) (further quotation omitted)), *quoted in Switzer,* 198 F.3d at 1258; *Nichols,* 71 F.3d at 351.

Movant Nevarez-Barela also seeks recusal "by reason of questionable impartiality, or bias . . ." (Doc. 9 at 1). Disqualification of a judge for bias or prejudice proceeds under 28 U.S.C. § 144. Section 144 provides:

> "Whenever a party to any proceeding in a district court makes a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, such judge shall proceed no further therein. . ."

Disqualification under 28 U.S.C. § 144 places a substantial burden on the moving party to demonstrate that the judge is not impartial, not a burden on the judge to prove that he is

3

impartial. *United States v. Burger,* 964 F.2d 1065, 1070 (10th Cir. 1992). The affidavit of personal bias and prejudice need be timely and sufficient. 28 U.S.C. § 144. There must be a reasonable factual basis to question the judge's impartiality. *United States v. Cooley,* 1 F.3d at 993. The scope of inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *Id.*

Sections 144 and 455 do not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record. *See Nichols,* 71 F.3d at 351; *Bryce v. Episcopal Church,* 289 F.3d 648, 659–60 (10th Cir. 2002). *In re McCarthey*, 368 F.3d 1266, 1269–70 (10th Cir. 2004). A movant's factual allegations do not have to be taken as true. Further, under either § 144 or § 455 there is as much obligation for a judge not to recuse when there is no occasion to do so as there is to recuse when there is a reasonable basis to do so. A judge should not recuse himself based on unsupported, irrational, or highly tenuous speculation and accusations. *American Ready Mix,* 14 F.3d at 1501 (citations omitted) (quoting *Hinman v. Rogers,* 831 F.2d 937, 938–39 (10th Cir. 1987)(per curiam)); *accord Switzer,* 198 F.3d at 1257; *United States v. Greenspan,* 26 F.3d at 1005; *Cooley,* 1 F.3d at 993–94.

## ANALYSIS OF MOVANT NEVAREZ-BARELA'S ALLEGATIONS

Movant Nevarez-Barela's Motion for Recusal is based largely on unsupported, tenuous speculation and accusations. Nevarez-Barela makes generalized accusations, including: that the Judge's "continued adjudication over the above-captioned action(s) as malapropos by reason of questionable impartiality, or bias, and inherent infirmity . . ." (Doc. 9 at 1); that the Judge "is currently implicated as a participant in Movant's fraud on the court claim and instrumental in Movant's plea of guilty rendered void" (Doc. 9 at 2, ¶ 2); that the Judge "furthers the appearance of impropriety by inculcating diffidence through perverting the ends of justice" (Doc. 9 at 3, ¶ 4); that the Judge "continues to ignore these facts thereby aggrandizing the fraud committed in this

4

case" (Doc. 9 at 3, ¶ 5); and that the Judge recuse himself by reason of "cumulative behaviors that present an appearance of impartiality in the context of a presiding United States District Court Judge" (Doc. 9 at 4).

The "cumulative behaviors" that Nevarez-Barela contends present an appearance of impropriety include:

1. Judge Gonzales was not aware of which Magistrate Judge conducted Movant's change of plea hearing (Doc. 9 at 2, ¶ 3; 4, ¶ 7);

2. during a status conference, Judge Gonzales asked Movant to clarify an issue regarding whether his guilty plea included the conspiracy offense (Doc. 9 at 3, ¶ 4);

3. Judge Gonzales admitted on the record that he read a letter Movant had sent the Court (Doc. 9 at 3, ¶ 5);

4. prior to sentencing, Judge Gonzales's only appearance in the case was for a status conference (Doc. 9 at 4, ¶ 7); and

5. Judge Gonzales initiated a cause of action pursuant to 28 U.S.C. § 2255 from a "complaint" Movant filed when Movant did not intend the complaint to be a separate cause of action (Doc. 9 at 4, ¶ 7).

Last, Movant argues that there is an "appearance of unreasonable impropriety and impartiality which becomes inherent when a judge that presided over the criminal conviction, sentences the same defendant, then subsequently presides over the § 2255 proceeding that brings that plea of guilty . . .into contention." (Doc. 9 at 3-4, ¶ 6).

Movant Nevarez-Barela's tenuous, unspecified, unsupported accusations that some sort of fraud on the Court occurred in connection with his criminal conviction or sentence, and that Judge Gonzales was a participant in that fraud, do not afford any reasonable basis for recusal in

this case. *American Ready Mix,* 14 F.3d at 1501; *Hinman v. Rogers,* 831 F.2d at 938–39. Nor, as set out below, do his specified "cumulative behaviors" present any objectively reasonable basis to question Judge Gonzales' impartiality.

As his first and second grounds for recusal, Nevarez-Barela contends the Judge's lack of knowledge of the identity of the Magistrate Judge who conducted the plea hearing and the Judge's request for clarification of the conspiracy plea present the appearance of impropriety. (Doc. 9 at 2, 3). However, Movant knowingly and voluntarily entered into a Plea Agreement. (CR Doc. 20, 21). Nevarez-Barela expressly consented to having a Magistrate Judge conduct the plea hearing. (CR Doc. 18). Nevarez-Barela does not, either in his Amended Motion under § 2255 or his Motion for Recusal, articulate any specific improper conduct by the Magistrate Judge that conducted the plea hearing. At the status conference, Judge Gonzales stated:

> "Okay. So you pled guilty to conspiracy before a magistrate judge, and I am certain that the magistrate judge would not accept your plea of guilty unless he or she, I don't know who it was, was confident that you really were guilty, and that in some ways is based on your own words to the judge at that time."

(CR 17-00862 KG, Doc. 97 at 4, lines 17-22). It is reasonable to infer from the statement that Judge Gonzales meant, regardless of which Magistrate Judge conducted the plea hearing, the record reflected that the plea proceeding had been conducted properly and in accordance with the law. Neither Judge Gonzales's lack of knowledge as to which Judge received Movant's guilty plea, nor his request for clarification as to whether Nevarez-Barela pled guilty to conspiracy raise any question as to the Judge's impartiality. Judge Gonzales's statement at the status conference does not raise any appearance of impropriety. *Switzer v. Berry,* 198 F.3d at 1257.

6

Nor does the "admission" on the record that Judge Gonzales had read a letter from Movant create any issue regarding impartiality or impropriety. (Doc. 9 at 4, ¶ 7). At the status conference, Judge Gonzales stated the following:

> "This matter comes on, as I said, for a status conference based on a letter that I received from Mr. Barela, handwritten, four pages, in what appears to be Mr. Barela's own handwriting. . .Based on what I read in the letter you sent the Court, I see that you have some questions, maybe concerns about your case and your representation. . . I did note everything that you put in your letter, and I understand everything that you have stated as grounds for concern."

(Doc. 97 at 2, lines 7-10; 3, lines 9-12; 6, line 25 through 7, lines 1-2). The fact that the Judge admitted reading a letter he had received from Movant, set a status conference to discuss Movant's issues, and addressed Movant's concerns as set out in the letter does not constitute or present the appearance of any impropriety on the part of the Judge. To the contrary, the Court's actions acknowledging receipt of and addressing the questions and concerns in Nevarez-Barela's letter were the most appropriate possible course of proceeding under the circumstances. Nevarez-Barela's third allegation regarding the Judge's admission of having read Nevarez-Barela's letter is not a basis for recusal in this case. *Nichols,* 71 F.3d at 351.

Nevarez-Barela's fourth contention is that an appearance of impropriety exists because the only "appearance" the Judge made in the case prior to sentencing was at a status conference. (Doc. 9 at 4, ¶ 7). Under authority granted by statute, and, when necessary, with the consent of the criminal defendant, all proceedings in this Court other than trial and sentencing are conducted by United States Magistrate Judges. *See* 28 U.S.C. § 636. Trial sentencing are conducted exclusively by the assigned District Judge. In this case, because Nevarez-Barela chose to enter into a plea agreement, the only proceeding that a District Judge was required to preside over was sentencing. The fact that the District Judge set a discretionary status

conference prior to the sentencing was not improper and does not support any grounds for recusal of the Judge.

As his fifth grounds for recusal, Nevarez-Barela contends that Judge Gonzales improperly initiated a cause of action pursuant to 28 U.S.C. § 2255 from a "complaint" Movant filed when Movant did not intend the complaint to be a separate cause of action (Doc. 9 at 4, ¶ 7). Under the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Under this Court's standard procedures, when a complaint is received, a new case is opened and docketed by the Clerk's Office. A District Judge is not even assigned to the case by the Clerk's Office until after the case has been opened and docketed. *See* D.N.M. LR-Civ. 3.1.

Judge Gonzales did not "initiate" any cause of action. If Nevarez-Barela did not intend for his filing to be a separate cause of action, he should not have titled it a "complaint." Fed. R. Civ. P. 3. The fact that Judge Gonzales was assigned to the case after it was correctly opened and docketed by the Clerk's Office does not present any appearance of impropriety and does not warrant recusal of the Judge in this case.

Last, Movant Nevarez-Barela argues that there is an "appearance of unreasonable impropriety and impartiality which becomes inherent when a judge that presided over the criminal conviction, sentences the same defendant, then subsequently presides over the § 2255 proceeding that brings that plea of guilty . . .into contention." (Doc. 9 at 3-4, ¶ 6). Nevarez-Barela's contention that an appearance of impropriety exists because the same judge presided over both his criminal case and his § 2255 proceeding also presents no basis for recusal of the Judge in this case.

The Rules Governing Section 2255 Proceedings in the District Court specifically provide:

> "The clerk must file the [2255] motion and enter it on the criminal docket of the case in which the challenged judgment was entered . . .
> The clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence or, of the judge who imposed sentence was not the trial judge, to the judge who conducted the proceedings being challenged."

Rules 3(b) and 4(a) of the Rules Governing Section 2255 Proceedings. The standard procedure of this Court, based on the Rules Governing Section 2255 Procedures, is to docket a § 2255 motion in the criminal case and open a companion civil case. The case is automatically assigned by the Clerk's Office to the judge who conducted the criminal trial and imposed the sentence. As the Judge who imposed Nevarez-Barela's sentence, Judge Gonzales was mandatorily and properly assigned as the Judge for his § 2255 motion. Rules 3(b) and 4(a) of the Rules Governing Section 2255 Proceedings. Presiding over both the criminal case and the § 2255 proceeding presents absolutely no appearance of impropriety and no basis for recusal of the Judge.

Nevarez-Barela's arguments amount to no more than speculation, innuendo, suspicion, and opinion. His contentions do not reveal any factual basis or any extrajudicial source of bias on which the Judge's impartiality might reasonably be questioned. *Liteky,* 510 U.S. at 545 & n. 1, 555. The undersigned Judge should not recuse himself based on unsupported, irrational, or highly tenuous speculation and accusations. *American Ready Mix,* 14 F.3d at 1501. Therefore, the Court will deny the Motion for Recusal.

IT IS ORDERED that the Motion for Recusal Pursuant to 28 U.S.C. § 455 filed by Plaintiff Richard Anthony Nevarez-Barela (Doc. 9) is DENIED.

_____
UNITED STATES DISTRICT JUDGE