**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RICHARD ANTHONY NEVAREZ-BARELA,

    Movant,

vs.                                                        No. CV 19-633 KG/KBM
                                                               (No. CR 17-00862 KG)

UNITED STATES OF AMERICA,

    Respondent.

**ORDER TO SHOW CAUSE**

**THIS MATTER** is before the Court on the Motion and Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 filed by Movant Richard Anthony Nevarez-Barela. (CV Doc. 1, 8; CR Doc. 114, 119). Movant Nevarez-Barela seeks relief under 28 U.S.C. § 2255. However, the Court's record reflects that Movant Nevarez-Barela has completed his incarceration and his supervised release has been terminated by the Court, releasing him from any custody. (*See* Doc. 1 at 4). The Court will order Movant Nevarez-Barela to show cause why his claims should not be dismissed as moot due to the absence of a present case or controversy.

When a prisoner is released from custody, the movant's subsequent release may cause the § 2255 motion to be moot because it no longer presents a case or controversy under Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477–478 (1990). See also *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975). A movant "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis, supra,* at 477.

1

An incarcerated prisoner's challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or restrictions imposed by the terms of the supervised release) constitute a concrete injury caused by the conviction and redressable by invalidation of the conviction. Once the prisoner's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or supervised release—some "collateral consequence" of the conviction—must exist if the suit is to be maintained. *See*, *e.g.*, *Carafas v. LaVallee,* 391 U.S. 234, 237-238 (1968). *See also, Sibron v. New York,* 392 U.S. 40, 55–56 (1968).

Movant, Richard Anthony Nevarez-Barela, entered into a Plea Agreement on March 30, 2017 and was convicted of one count of Conspiracy to Transport Illegal Aliens in Violation of 8 U.S.C. § 1324(a)(1)(A)(v)(1).  (CR Doc. 20, 33 at 1).  He was sentenced to six months imprisonment and 3 years of supervised release on May 26, 2017.  (CR Doc. 33).  His appeal to the Tenth Circuit was dismissed based on the appeal waiver contained in his Plea Agreement.  (CR Doc. 57).  His supervised release was revoked on two occasions, August 21, 2017 and July 24, 2018, resulting in additional sentences of 3 months of imprisonment and 2 years of supervised release and 7 months of imprisonment and 2 years of supervised release.  (CR Doc. 56, 71). His appeal from the second revocation of supervised release was also dismissed by the Tenth Circuit. (CR Doc. 112).

Nevarez-Barela filed his current § 2255 motion on July 12, 2019 and an amended motion to vacate, set aside, or correct sentence on September 9, 2019.  (CV Doc. 1, 8; CR Doc. 114, 119). Movant Nevarez-Barela asks the Court:

> "to enjoining judgment on the plea of guilty entered on March 30, 2017 as void by reason of fraud on the court, discharge Movant immediately due to a void sentence, and dismiss all charges, complaints, indictments, or information, with prejudice."

(CV Doc. 8 at 1; CR Doc. 119 at 1). At the time he filed his § 2255 Motion and Amended Motion, Nevarez-Barela had completed his incarceration and was under supervised release. (CV Doc. 1, 8; CR Doc. 114, 119). On June 11, 2020, the Court entered an Order Terminating Nevarez-Barela's supervised release. (CR Doc. 132).

Because Nevarez-Barela's incarceration has been completed and supervised release has been terminated, Nevarez-Barela has been released from custody, and it appears there is no longer any case or controversy that can be remedied through a § 2255 proceeding. *Spencer v. Kemna*, 523 U.S. at 7–8. The Court will order Nevarez-Barela to show cause within 30 days why his § 2255 claims should not be dismissed as moot because he has been released from custody and there is no longer any case or controversy to be remedied by a § 2255 motion. If Movant Nevarez-Barela does not show cause within 30 days, this case may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that Movant Richard Anthony Nevarez-Barela show cause, within 30 days of entry of this Order, why his § 2255 Motion and Amended Motion should not be dismissed as moot due to the lack of any case or controversy.

_____
UNITED STATES MAGISTRATE JUDGE